UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 08-143 |
| | : | |
| SUSAN REID, | : | |
| Defendant. | : | |

**FILED**
MAY 2 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF THE OFFENSE

The parties in this case, the United States of America and the defendant, Susan Reid, stipulate and agree that the following facts are true. These facts do not constitute all of the facts known to the parties concerning the charged offenses; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which she is pleading guilty.

1. William Reed ("Reed") practiced trust and estates law at the Law Offices of William F. Reed for several decades. In or about the early 1980s, Reed, Kitty Kaupp ("Kaupp"), and Ken Golding ("Golding") formed the Stanton Development Corporation ("SDC") a real estate development corporation that owns several properties in Washington, D.C. Each property is owned in the name of a limited liability corporation ("LLC"). Each LLC and SDC as a whole engage in activities that affect interstate commerce. Susan Reid ("Reid" or "the defendant") was Reed's secretary and assistant for several years prior to 2003. Prior to 2003, Reid became the full time office manager and bookkeeper of SDC.

2. As the manager and bookkeeper of SDC, Reid's duties included some accounting, running the office, collecting rent, and writing checks for Kaupp, Golding, or Reed to sign. Reid did not have authority to sign checks for SDC or any of its LLCs.

3. On February 4, 2007, Reed died. Reid continued to work for SDC.

4. On or about July 17, 2007, Golding found two checks in Reid's top drawer of her desk. One check had his partially forged signature in the signature block and the other had his completely forged signature in the signature block. On July 20, 2007, Golding called Reid and told her he had found the forged checks. Reid denied forging the checks. Golding told her she would be on administrative leave until further notice.

5. On or about July 23, 2007, Reid admitted to Kaupp and Golding that she wrote several checks to herself and signed Golding's name in the signature block. On or about July 27, 2007, Reid notified Golding and Kaupp that she had received overpayment for several years from Reed.

6. SDC's accounting firm then reviewed checks made out to Reid with Reed's apparent signature and Golding's apparent signature. On or about May 1, 2003, Reid wrote a check to herself for $1,000, forged Reed's name in the signature block, and cashed or deposited the check at a SunTrust bank. The check was subsequently processed at a SunTrust facility in Richmond, Virginia. Between on or about May 1, 2003 and on or about February 1, 2007, she wrote multiple checks to herself in amounts ranging from $1,000 to $5,000, forged Reed's signature, and deposited or cashed the checks. These checks were subsequently processed at SunTrust facilities in other states, including Florida and Virginia. In total, between on or about May 1, 2003 and on or about February 1, 2007, she cashed or deposited checks using Reed's forged signature totaling approximately $86,900.

7. On or about March 1, 2007, after Reed had died, she then began writing checks to herself using Golding's forged signature and cashing the checks. These checks were subsequently processed at SunTrust facilities in other states, including Florida and Virginia. She cashed or deposited checks using Golding's forged signature totaling approximately $10,000.

_____
Jeff Pearlman
Assistant United States Attorney

5/19/08
_____
Date

_____
Lara Quint, Esq.
Attorney for Defendant

_____
Susan Reid
Defendant
5-20-08
Date